# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

31 W. 52nd Street
Fifth Floor
New York, New York 10019

O: 212.999.5801
F: 866.974.7329

Benjamin D. Margo
Internet: bmargo@wsgr.com
Direct dial: (347) 756-0065

May 15, 2026

**VIA CM/ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   *Eugene Winfrey v. The Youtube, Inc. et al.*, No. 1:26-cv-02252-VSB-BCM

Dear Judge Broderick:

I write on behalf of YouTube, LLC ("YouTube")[1] to respectfully request that the Court stay YouTube's deadline to move to dismiss, and screen the *pro se* Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff Eugene Winfrey's sparse allegations against YouTube come nowhere close to pleading a plausible cause of action. *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Counsel contacted Plaintiff regarding this letter motion and has not received a reply.

Mr. Winfrey has filed many *pro se* lawsuits in the past six months, all handwritten using this District's complaint form. *See, e.g.*, *Winfrey v. The Doe Fund et al.*, No. 1:26-cv-02963-LTS; *Winfrey v. The Doe Fund et al.*, No. 1:26-cv-03225-LTS (dismissed as duplicative); *Winfrey v. Boomplay Music et al.*, No. 1:26-cv-02248-LTS (dismissed as duplicative); *Winfrey v. Human Resources Administration*, No. 1:26-cv-00204-LTS; *see also Winfrey v. Bisignano et al.*, No. 1:26-cv-01802-VSB-GS (complaint unavailable on public docket).

Most of Winfrey's complaints—like this one—claim copyright infringement and attach the copyright registration form for the lyrics to a song titled "Because I Need Your Love." *See Winfrey v. Amazon Music*, No. 1:25-cv-10546-VSB-BCM; *Winfrey v. Apple Music*, No. 1:25-cv-10547-VSB-BCM; *Winfrey v. Spotify USA, Inc. et al.*, No. 1:25-cv-10548-VSB-BCM; *Winfrey v. Reverbnation et al.*, No. 1:26-cv-01803-VSB-BCM; *Winfrey v. Boom Play Music et al.*, No. 1:26-cv-01804-LLS; *Winfrey v. iHeart Media et al.*, No. 1:26-cv-02249-VSB-BCM; *Winfrey v. Broadcast Music, Inc. (BMI) et al.*, No. 1:26-cv-02251-VSB-BCM.

---

[1] Plaintiff incorrectly identifies the lead defendant as "The YouTube, Inc."

**WILSON SONSINI**

The Honorable Vernon S. Broderick
May 15, 2026
Page 2

All of these complaints are sparse and conclusory, and fail to plead the elements of either direct or secondary copyright infringement.  And, in all of these cases, Mr. Winfrey has been granted leave to proceed *in forma pauperis*.  The *in forma pauperis* statute requires that "the court shall dismiss the case at any time if the court determines that" the lawsuit "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2), (e)(2)(B)(ii).

Only one of Mr. Winfrey's copyright complaints has been screened under the *in forma pauperis* statute to determine whether it fails to state a claim.  In that case, Judge Stanton rightly determined that the complaint failed to comply with Rule 8, and informed the Plaintiff that his case will be dismissed unless he files an amended complaint.  *Winfrey v. Boom Play Music et al.*, No. 1:26-cv-01804-LLS, Dkt. 5 (Mar. 19, 2026).  Judge Stanton's reasoning in *Boom Play Music* applies equally to this case.  To wit, in copyright infringement cases, "District courts within this Circuit require a plaintiff to allege by what acts the defendant infringed the copyright," and "Plaintiff's complaint does not comply with Rule 8, because it does not provide facts explaining how each Defendant infringed on Plaintiff's copyright." *Id.* at 3-4.

The *pro se* Complaint here is deficient and dismissable on its face.  Accordingly, YouTube respectfully requests that the Court stay YouTube's deadline to move to dismiss (currently May 21, 2026), and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Defendant YouTube is entitled to request an extension of Thursday's deadline to respond to the complaint.  However, "a district court may not dismiss [a complaint] sua sponte under section 1915(d), even if the complaint does not flesh out all of the requisite details[,] [s]o long as the in forma pauperis plaintiff raises a cognizable claim." *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990) ("[A] district court should look with a far more forgiving eye in examining whether a complaint rests on a meritless legal theory for purposes of section 1915(d) than it does in testing the complaint against a Rule 12(b)(6) motion.").  Defendant's citation to *Winfrey v. Boom Play Music et al.*, No. 1:26-cv-01804-LLS, Dkt. 5, is misplaced.  In that case, Plaintiff had sued a Nigerian and a Chinese company and Judge Stanton found that the complaint "does not allege any facts suggesting that Defendants transact business in this district or contract anywhere to supply goods or services in this state.  Thus, it does not appear that this Court is a proper venue for Plaintiff's copyright infringement claims against these defendants, or that Defendants are subject to jurisdiction under New York law."  Therefore, any discussion by Judge Stanton of dismissing that case under Rule 8 amounts to dicta since he did not find that he had personal jurisdiction over the defendants.  S*ee Agbor v. Presidency of Republic of Equatorial Guinea*, No. 18-CV-8611, 2019 WL 3526550, at *3 (S.D.N.Y. Aug. 1, 2019) ("[H]aving found that it lacks personal jurisdiction over defendants, the Court may not rule on the merits of the case.").  Here, Plaintiff appears to attach a valid copyright to his complaint. (Doc. 1 at 8.)  Plaintiff alleges infringement through the playing of this copyrighted material by Defendant. (Doc. 1 at 5.)  Because the Second Circuit has "often admonished that extreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," I decline to dismiss this case sua sponte under section 1915(d).  See *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (collecting cases).  This endorsement is not and should not be viewed as a determination that Plaintiff's complaint will survive a motion to dismiss.

APPLICATION DENIED.
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.   5/19/2026